UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Deshawn Peterson,

        Defendant.

Case Nos.  20-20448; 21-20065

Honorable Robert H. Cleland

---

## Preliminary Order of Forfeiture

Based on defendant Deshawn Peterson's guilty plea to Count Two, of the Superseding Indictment in *United States vs. Duane Peterson, et al.,* (Case No. 20-20448), charging him with Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846 and defendant's guilty plea to Count Four of the Superseding Indictment in *United States vs. Deshawn Peterson, et al,*, (Case No. 21-20065), charging him with Wire Fraud (Aiding and Abetting), in violation of 18 U.S.C. § 1343, 2, the Government's Application for Entry of Preliminary Order of Forfeiture, the Government's Forfeiture Bill of Particulars, all information contained in the record, and pursuant to 21 U.S.C. § 853(a) and Federal Rule of Criminal Procedure 32.2, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court finds that the following property was involved in or used in defendant's violation of 21 U.S.C. §§ 841 and 846, and thus has a sufficient nexus to the offense of conviction for forfeiture:

**Firearms and Ammunition**

1. One (1) Sig Sauer 9mm caliber pistol Model: P365, Serial No: 66A805199, with magazine;

2. Eight (8) Rounds of 9mm ammunition;

3. Seven (7) Rounds of .45 caliber ammunition;

4. Forty (40) rounds of 9mm ammunition;

**Cellular Phones**

5. One (1) ZTE Avid Trio cell phone, model: Z833, S/N: 325166890538, with cracked screen

6. One (1) Alcatel OneTouch cell phone, model: A205G, S/N: not visible, FCC ID: RAD529

7. One (1) Alcatel OneTouch cell phone, model: OneTouch 768T, S/N: not visible, IMEI: 013752002640259, FCC ID: RAD287

8. One (1) Alcatel OneTouch Fling cell phone, model: 2017B, S/N: not visible, FCC ID: RAD506; and

**Miscellaneous Item(s)**

9. One (1) silver-colored brass knuckles

(collectively, "Subject Property).

2. The Subject Property **IS HEREBY FORFEITED** to the United States under 21 U.S.C. § 853(a) for disposition according to law, and any right, title and interest of Defendant, and any right, title and interest that his heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

3. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

4. Pursuant to Rule 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at sentencing and the forfeiture of the Subject Property shall be made part of the defendant's sentence and included in his Judgment.

5. Pursuant to 21 U.S.C. § 853(n), Rule 32.2, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in the Subject Property must

file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. After the disposition of any motion filed under Rule 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

7. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture as provided in Rule 32.2(c)(2).

8. If a third party files a timely petition for ancillary hearing regarding the Subject Property, the Court shall enter a final order of forfeiture by amending

this Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Rule 32.2(c)(2).

9. Pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law following the Court's disposition of any petitions for ancillary hearing, or, if none are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for filing such a petition.

10. The Court shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: April 19, 2022          s/Robert H. Cleland
                                             Honorable Robert H. Cleland
                                             United States District Judge