**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case Nos. 20-cr-20448
                                                                             21-cr-20065

D-3 DESHAWN PETERSON,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S REQUEST TO STAY FINES**

Defendant Deshawn Peterson was sentenced on May 2, 2022 after pleading guilty in Case Number 20-cr-20448 to Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substance, 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(i), (ECF No. 202), and in Case Number 21-cr-20065 to Wire Fraud, Aiding and Abetting, 18 U.S.C. §§ 1343, 2, (ECF No. 70, PageID.683). As part of its sentence in Case Number 20-cr-20448, the court ordered Defendant to pay a $100.00 special assessment and a $10,000.00 fine. (ECF No. 202, PageID.1019.) As part of its sentence in Case Number 21-cr-20065, the court ordered Defendant to pay a $100.00 special assessment and $247,170.00 in restitution. (ECF No. 70, PageID.688.) The monetary penalties in both files were further ordered to be paid as a lump sum "due immediately." (20-cr-20448, ECF No. 202, PageID.1020; 21-cr-20065, ECF No. 70, PageID.689.)

On January 4, 2023, the court received correspondence from Defendant, requesting a "temporary pause" on the monetary penalties owed in both of his files so that he could participate in certain programming offered by the Bureau of Prisons. (20-

cr-20448, ECF No. 388, PageID.5467; 21-cr-20065, ECF No. 77, PageID.814.) The court resolved to treat the correspondence as a formal motion. Accordingly, on January 17, 2023, the court issued a Notice of Determination of Motion Without Oral Argument, ordering the Government to file a response by February 8, 2023. (20-cr-20448, ECF No. 397; 21-cr-20065, ECF No. 78.) On January 24, 2023, the Government complied, arguing that the court should deny Defendant's request on jurisdictional grounds. (20-cr-20448, ECF No. 404, PageID.5578–79.)[1] On February 14, 2023, Defendant filed a reply, relying on *United States v. Carson*, 55 F.4th 1053, 1056 (6th Cir. 2022), and 18 U.S.C. § 3664(n) to counter that the court does have jurisdiction to defer his monetary obligations. (20-cr-20448, ECF No. 408; 21-cr-20065, ECF No. 79.) For the reasons explained below, the court will deny Defendant's request.

Before reaching the merits of a motion, the court must ensure that it has jurisdiction to provide the relief a party requests. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). At issue is whether the court has the authority to defer Defendant's payment of the two special assessments on both files, the fine in file 20-cr-20448, and the restitution in file 21-cr-20065. Under 18 U.S.C. § 3572(d)(1), the court must order fines and restitution to be paid "immediately," unless the interests of justice call "for payment on a date certain or in installments." If the court orders that a fine be paid in installments, "the defendant [must] notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine." 18 U.S.C. § 3572(d)(3). Upon receipt of such notice

---

[1] The Government neglected to file a response in Case Number 21-cr-20065. However, given that the nature of Defendant's request is the same for both of his cases, the court will treat the Government's response as if it addressed both files.

2

the court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id.* The issuance and enforcement of an order of restitution is governed by 18 U.S.C. § 3664. Like installment orders for fines, a defendant must "notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). Upon receipt of the notification, the court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id.*

Here, Defendant essentially argues that, based on *Carson*, 55 F.4th at 1056, any order regarding the payment of criminal monetary penalties, be it due immediately or in installments, is a payment schedule subject to later modification if a defendant presents evidence of a material change in his economic circumstances. (20-cr-20448, ECF No. 408, PageID.5633; 21-cr-20065, ECF No. 79, PageID.818.) However, Defendant's argument conflates fines and restitution, the payment of which federal law treats differently. The plain text of 18 U.S.C. § 3572(d)(3) allows only for the court to later adjust payment schedules where it originally orders the criminal *fine* to be paid in installments. *See also United States v. Austin*, No. 15-20609, 2021 WL 2935248, at *1 (E.D. Mich. July 13, 2021) (Cleland, J.). By contrast, the provision does not apply where a criminal fine "is due immediately and in a lump sum." *United States v. Brumfield*, 125 F. Supp. 3d 648, 650 (W.D. Mich. 2015) (Quist, J.), *overruled on other grounds by United States v. Phillips*, 9 F.4th 382, 384 (6th Cir. 2021). Thus, because the court ordered Defendant to pay all criminal monetary penalties due in both cases immediately and in a lump sum, it has no jurisdiction to now defer payment of Defendant's fines and

3

special assessment. However, Even if § 3572(d)(3) applied, and even if there existed a payment schedule the court had authority to amend, Defendant does not cite any "material change" in his "economic circumstances" justifying the relief he seeks. 18 U.S.C. § 3572(d)(3). When the facts a prisoner points to in support of § 3572(d) motion to amend "do not demonstrate a change of circumstances such that he cannot continue to make payments in accordance with the plan established," amendment of a payment schedule is not warranted. *United States v. Ocampo,* No. 06-20172, 2009 WL 3617987, at *1 (E.D. Mich. Oct. 30, 2009) (Ludington, J.). Here, Defendant provides no new information to the court regarding his financial status that was not already known at sentencing.

Defendant's argument with respect to the restitution owed fairs marginally better. Defendant is correct that 18 U.S.C. § 3664(k) and (n) contemplate future modification of a court's restitution order without regard as to whether payment of restitution was due immediately in a lump sum or in some other manner and that *Carter*[2] generally supports this proposition. Thus, the court has jurisdiction to consider his request. But modification is premised on a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). As already stated, Defendant has not provided any evidence of a material change in his economic circumstances. He was incarcerated at the time of his sentencing, meaning that his

---

[2] The court notes, however, that *Carter* dealt with the specific issue of garnishing a defendant's inmate trust account to satisfy an outstanding restitution obligation under 18 U.S.C. § 3613, 3664(k), and 3664(n). There, the defendant's argument that the district court lack the authority to garnish his funds because he complied with his judgment and repayment agreement was rejected because the particular statutes at issue provided for the court to retain modification authority. 55 F.4th at 1056. However, the statutes in question solely pertain to restitution—not fines.

4

available, albeit limited, occupational opportunities were already known to him and the court. As such, the court has no basis to consider deferral of Defendant's restitution obligations and will not do so. Accordingly,

IT IS ORDERED that Defendant's request to defer payment of his criminal monetary obligations (20-cr-20448, ECF No. 388; 21-cr-20065, ECF No. 77) is DENIED.

                                                  s/Robert H. Cleland               /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2023, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner                 /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Criminal\20-20448&21-20065.PETERSON.RequestToStayPayments.EKL.CHD.docx